**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4050**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRELLE DEYON JONES,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert G. Doumar, Senior District Judge.  (CR-03-69)

---

Submitted:  June 9, 2004          Decided:  June 30, 2004

---

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Harry D. Harmon, Jr., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Janet S. Reincke, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tyrelle Deyon Jones appeals his convictions of one count of conspiracy to possess with intent to distribute and to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000), and four counts of distribution of cocaine base, in violation of 21 U.S.C. § 841. We affirm.

Jones first argues that the district court erred in denying his Fed. R. Crim. P. 29 motions for judgment of acquittal because the evidence was insufficient to support the jury's verdict. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and assume that the jury resolved all contradictions in the testimony in favor of the Government. <u>United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998). Our review of the record in this case convinces us that the evidence was sufficient to support Jones' convictions.

Jones next argues that the district court erred in denying his motions to withdraw his not guilty plea, to order the Government to withdraw its notice of prior convictions for sentencing enhancement, and to vacate the jury's verdict. Jones entered into a plea agreement with the Government in which he agreed to plead guilty to the conspiracy count, and the Government agreed to dismiss the remaining counts. At the plea hearing, however, Jones maintained his innocence, and attempted to enter an Alford[*] plea. The Government refused to accept that plea under the terms of the plea agreement, and Jones was convicted after a jury trial. Jones essentially asserts that because an Alford plea is a permissible form of a guilty plea, the district court erred in refusing to accept the plea and subsequently denying his post-trial motions to resurrect his guilty plea and plea agreement. We find this argument without merit.

Jones does not allege, and the record does not indicate, any improper motive on the part of the Government in its refusal to accept an Alford plea. See generally Corbitt v. New Jersey, 439 U.S. 212, 218-26 (1978) (discussing plea bargaining and permissible use of sentencing leniency); Bordenkircher v. Hayes, 434 U.S. 357, 363-65 (1978) (same). Moreover, Jones has no constitutional right to plead guilty, or to require the court to accept an Alford plea. Santobello v. New York, 404 U.S. 257, 262 (1971); North Carolina v.

_____

[*]North Carolina v. Alford, 400 U.S. 25 (1970).

- 3 -

<u>Alford</u>, 400 U.S. 25, 38 n.11 (1970).  We conclude that, because the Government was completely within its rights to refuse an <u>Alford</u> plea in satisfaction of the plea agreement, and Jones persisted in his refusal to admit his guilt, the district court correctly rejected Jones' attempted plea and tried the case.

Accordingly, we affirm Jones' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>